**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE L. MATIAS, JR., | : | |
| Plaintiff, | : | Civil Action No. 08-5096 (MLC) |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Jose L. Matias, Jr., Petitioner Pro Se
Somerset County Jail, Somerville, New Jersey 08876

**COOPER, District Judge**

Plaintiff, Jose L. Matias, Jr., is incarcerated at Somerset County Jail. He applies to bring this action in forma pauperis ("Application") pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights ("Federal Claims") and state law ("State Claims"). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant the Application pursuant to 28 U.S.C. § 1915(a) and file the Complaint. The Court must now review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

I.      BACKGROUND

These allegations are taken from the Complaint and accepted as true here.  Plaintiff asserts claims against eight Defendants: (a) State of New Jersey; (b) Somerset County and Union County; (c) Detectives Joseph W. Walsh, Jr., Christopher J. Shea, Omar Belgrave, and Thomas Rickey; and (c) Officer Hurley of the Union County Sheriff's Department.  (Compl. at 7).  Plaintiff asserts that, on November 4, 2005, he was arrested without probable cause by Officer Hurley and Detective Walsh and charged with various offenses.  (Id. at 12-13.)  On that same day, (1) Detective Shea "created and manufactured" an affidavit showing probable cause for the arrest, (2) Detective Walsh falsified a police report, and (3) Detective Rickey executed false police reports and records, as well as on September 16, 2005.  (See id. at 13-17.)[1] Plaintiff alleges that Detective Walsh falsely testified against Plaintiff during certain criminal proceedings, one of which took place on September 16, 2006, while another occurred on September 16, 2008.  (See id. at 16-17.)[2]

---

[1]  It is not clear as to why and how Detective Rickey could falsify documents on September 16, 2005, since the arrest took place several weeks after this alleged falsification, i.e., on November 4, 2005.

[2]  Plaintiff's reference to September 16, 2008, may be an error, and he may have intended to discuss only one criminal proceeding occurring on or about September 16, 2006.  For the purposes of this review, the Court assumes that Plaintiff challenges testimony by Detective Walsh provided two years apart.

**II.   LEGAL STANDARD FOR DISMISSAL**

The Court — before, or as soon as practicable after, docketing — must review a complaint in an action where a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court, in determining the complaint's sufficiency, must construe it liberally in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient to "suggest" a basis for liability.  See Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (cites and quotes omitted).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief

3

above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (cites and quotes omitted); see Morse, 132 F.3d at 906 (no need to credit "bald assertions" or "legal conclusions").

### III. SECTION 1983 ACTIONS

To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. DISCUSSION

#### A.   Immunity and Vicarious Liability

The Eleventh Amendment bars any suit by private parties against a state, its agencies and departments, and state officials in their official capacities — wherein the imposition of liability would be paid from public funds in a state treasury — from federal court, unless that immunity is waived by the state itself or federal statute. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979). Plaintiff here asserts an unspecified claim against the State of New Jersey. The State of New Jersey, however, is not

4

subject to § 1983 liability pursuant to the Eleventh Amendment. Therefore, the Federal Claim asserted against the State of New Jersey will be dismissed.

Local government units are not liable under § 1983 solely on a theory of respondeat superior. See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978); Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (cites omitted); accord Robinson v. City of Pittsb., 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish such liability under § 1983 here, Plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  Plaintiff must show that, through deliberate conduct, the governmental entity was the moving force behind the injury.  See Monell, 436 U.S. at 689.

> A policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.  A custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law.

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.  The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself.  Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (cites, quotes, and footnote omitted).

Plaintiff bases his Federal Claims against Somerset County and Union County solely on the theory of respondeat superior.  Therefore, the Court will dismiss the Federal Claims asserted against them.  The dismissal, however, will be without prejudice, and Plaintiff may attempt to amend these claims.

### B.    Statute of Limitations

The false arrest allegations against the Detectives and Officer Hurley are based on the events of November 4, 2005.  A Section 1983 claim for false arrest may be based upon the Fourth Amendment right to be free from unreasonable seizures.  See Albright v. Oliver, 510 U.S. 266, 274 (1994).  "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983.  Also, where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983

for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Phila., 233 Fed.Appx. 161, 164 (3d Cir. 2007) (cites and quotes omitted); see Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) (false arrest is arrest made without probable cause); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (where officer lacks probable cause to make arrest, arrestee has Fourth Amendment claim for false imprisonment based on detention pursuant to that arrest). Indeed, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

But the statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Thus, "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25. For the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126; see Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff here alleges that Defendants arrested him on November 4, 2005. The limitations period began to run when his allegedly false imprisonment ended, that is, when he became held by legal process, e.g., when he was arraigned on criminal charges. See Wallace, 127 S.Ct. at 1095-96. Since the Complaint asserts that Walsh testified against Plaintiff during Plaintiff's September 16, 2006, criminal proceeding, it appears that: (1) Plaintiff became "held by legal process," within the meaning Wallace v. Kato, before September 16, 2006; and (2) his period of limitations expired before September 16, 2008. Thus, the Federal Claims concerning false arrest raised in the Complaint executed on October 9, 2008 (Compl. at 19, stating date), are time-barred.

The question remains as to whether the Court may dismiss these claims sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred, since the statute of limitations is an affirmative defense. See Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Even though a plaintiff is not required to plead that a claim has been timely brought, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Jones v. Bock, 127 S.Ct. 910, 920-21 (2007).

A district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b) where the time-bar is apparent

8

on the complaint's face.  See Hunterson v. DiSabato, 244 Fed.Appx. 455, 457 (3d Cir. 2007) (citing Jones v. Bock, 127 S.Ct. at 920-21); see also Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).  Thus, sua sponte dismissal is appropriate on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel, 570 F.2d at 1174 (cite omitted).  The dismissal of the Federal Claims on false arrest is warranted, because the Complaint's face shows that they are time-barred.

**C.   Federal Claims Based on Detective Walsh's Testimony**

Plaintiff asserts that Detective Walsh violated his rights by giving false testimony on September 16, 2006, and September 16, 2008.  While the allegations on the September 16, 2006, testimony raise the above-discussed statute of limitations concern, the Court need not reach the timeliness issue since a witness enjoys absolute immunity from damages under § 1983 for false testimony. See Briscoe v. LaHue, 460 U.S. 325, 330-46 (1983) (officer testifying in criminal trial has absolute immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992) (witness testifying in judicial proceeding is absolutely immune

9

for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearing).  Therefore, the Court will dismiss the Federal Claims based on Detective Walsh's testimony.

**V.   CONCLUSION**

The Federal Claims fail to state a claim on which relief can be granted and seek relief against defendants who are immune from such relief, and thus will be dismissed.  The State Claims will be dismissed without prejudice to Plaintiff to reinstate them in state court within 30 days.  See 28 U.S.C. § 1367.  However, Plaintiff also will be granted leave to file an amended complaint here for the Court's review addressing Federal Claims against Somerset County and Union County, as discussed supra.[3]  The Court will issue an appropriate order and judgment.

                                     s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

**Dated:**   October 27, 2008

---

[3] When an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is all-inclusive.  See id.