**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSE L. MATIAS, JR., | |
| Plaintiff, | Civil Action No. 08-5096 (MLC) |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**APPEARANCES:**

Jose L. Matias, Jr., Plaintiff Pro Se
Somerset County Jail, Somerville, New Jersey 08876

**COOPER, District Judge**

Plaintiff is incarcerated at Somerset County Jail. He brought this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights and state law. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court granted his application pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file Plaintiff's original complaint. After reviewing the original complaint, the Court: (a) dismissed Plaintiff's allegations related to November 2005 events, as time barred; (b) dismissed certain other allegations for failure to state a claim; and (c) directed Plaintiff to file an amended complaint curing deficiencies of the remaining claims. The amended complaint followed.

**I.    BACKGROUND**

In the original complaint, Plaintiff stated allegations against eight Defendants: (a) the State of New Jersey; (b) Somerset and Union Counties; (c) Detectives Joseph W. Walsh, Jr., Christopher J. Shea, Omar Belgrave, and Thomas Rickey; and (d) Officer Hurley of the Union County Sheriff's Department. Plaintiff asserted, inter alia, that, on November 4, 2005, he was arrested without probable cause by Officer Hurley and Detective Walsh, and that Detective Walsh falsely testified against Plaintiff during certain criminal proceedings, one of which took place on September 16, 2006, while another occurred on September 16, 2008.[1]

The Court dismissed Plaintiff's claims against the State of New Jersey, on the grounds of the Eleventh Amendment immunity, and also dismissed Plaintiff's claims against Somerset and Union Counties, without prejudice, since these claims rested solely on the theory of respondeat superior.

The Court also dismissed Plaintiff's false arrest allegations against Detective Walsh and Officer Hurley as untimely, since these allegations were based on the events of

---

[1] While it appeared that Plaintiff's reference to September 16, 2008, was an error, and Plaintiff intended to discuss his criminal proceeding, which took place on or about September 16, 2006, the Court presumes -- for the purposes of its review of the original complaint -- that Plaintiff challenged the testimony provided by Detective Walsh on two separate occasions, i.e., in 2006 and 2008.

2

November 4, 2005.  The Court also dismissed Plaintiff's claims against Detective Walsh, which were based on Walsh's allegedly false testimony.  The Court explained to Plaintiff that a witness enjoys absolute immunity from damages under § 1983 for false testimony.

The amended complaint names the following Defendants: (a) Somerset and Union Counties; (b) Somerset County Prosecutor's Office and Union County Prosecutor's Office; and (c) Union County Sheriff's Department.  The "Statement of Facts" included in the amended complaint, however, elaborates only on the actions of particular individuals.  Specifically, Plaintiff restates his untimely claims against Detective Walsh and Officer Hurley (related to Plaintiff's arrest in November 2005).  Plaintiff also asserts that, on May 15, 2007, during his evidentiary hearing, Detectives Walsh and Rickey falsely testified against him.  He also asserts that Brian Stack, an Assistant Prosecutor with the Somerset County Prosecutor's Office, violated Plaintiff's rights by prosecuting Plaintiff's criminal charges.[2]  Finally, Plaintiff alleges that, on September 24, 2007, Stack violated his rights by successfully moving before the state judge presiding over the criminal prosecution for revocation of Plaintiff's bail.

---

[2] Plaintiff challenges the portion of the prosecution that occurred after Stack attended the May 15, 2007, evidentiary hearing, i.e., when the criminal prosecution was well underway.

**II.  DISCUSSION**

The Court's previous opinion detailed the standard of review applicable to screening of civil complaints; it will not be reiterated.  Similarly, the Court's explanations as to why Plaintiff's challenges based on the events of November 2005 are time barred need not be repeated; Plaintiff is referred to the Court's previous opinion.  The Court has no reason to reconsider its statute of limitations findings in light of Plaintiff's failure to state, in the amended complaint, any grounds warranting equitable tolling of his untimely claims.

Plaintiff's failure to cure the deficiencies of his challenges against Somerset and Union Counties warrants dismissal of these claims: the amended complaint makes is clear that these challenges are based solely on the theory of respondeat superior.

Plaintiff's unspecified challenges against newly named Defendants, i.e., Somerset County Prosecutor's Office, Union County Prosecutor's Office and Union County Sheriff's Department will be dismissed because these Defendants are not "persons" subject to suit under 42 U.S.C. § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 688-90 (1978); Martin v. Red Lion Police Dep't, 146 Fed.Appx. 558, 562 n.3 (3d Cir. 2005).

Plaintiff's claims against Detectives Walsh and Rickey (not formally named as Defendants in the amended complaint), based on

4

allegedly false testimony by Walsh and Rickey, will be dismissed for the reason already explained by the Court in its previous opinion: a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. 325, 330-46 (1983) (officer testifying in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992) (witness testifying in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearing).

Finally, Plaintiff's claims against Assistant Prosecutor Stack (not formally named as Defendant in the amended complaint) will be dismissed on the grounds of prosecutorial immunity.  A prosecutor is immune from a civil suit for damages under § 1983 for initiating a prosecution and presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 120 (1997); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

> More than a mere defense to liability, prosecutorial immunity embodies the "right not to stand trial," [In re] Montgomery County, 215 F.3d [367,] 373 [(3d Cir. 2000)] (citing Mitchell v. Forsyth, 472 U.S. 511, 525 (1985)).  [A prosecutor is absolutely immune if] he or she was functioning as the state's advocate when performing the action(s) in question.  Yarris [v. County of Delaware], 465 F.3d [129,] 136 [(3d Cir. 2006).]  This inquiry focuses on "the nature of the function performed . . . .  Under this functional

> approach, a prosecutor enjoys absolute immunity for
> actions performed in a judicial or "quasi-judicial"
> capacity [i.e., the] immunity attaches to actions
> "intimately associated with the judicial phases of
> litigation," but not to administrative or investigatory
> actions unrelated to initiating and conducting judicial
> proceedings. Giuffre [v. Bissell], 31 F.3d [1241,]
> 1251 [(3d Cir. 1994)] (quoting Imbler, 424 U.S. at 430)
> (internal quotation omitted); see also Rose [v.
> Bartle], 871 F.2d [331,] 346 [(3d Cir. 1989)]
> (contrasting the prosecutor's "quasi-judicial" role
> from his "administrative/ investigative" role). . . .
> [W]here a prosecutor's role as advocate has not yet
> begun, or where it has concluded, absolute immunity
> does not attach. [See Yarris,] 465 F.3d at 137 (quoting
> Spurlock v. Thompson, 330 F.3d 791, 799 (6th Cir.
> 2003)).

Odd v. Malone, 538 F.3d 202, 207-08 (3d Cir. 2008). Since Plaintiff's amended complaint challenges: (a) Stack's prosecution of Plaintiff's criminal charges when the proceedings were well underway; and (b) Stack's motion for revocation of Plaintiff's bail (at the point when the criminal prosecution progressed even further), Plaintiff's challenges are barred by absolute immunity, since Stack performed the challenged functions in his capacity as the state's advocate.

**III. CONCLUSION**

The amended complaint fails to state a claim on which relief can be granted and seeks relief against defendants who are immune from such relief. The Court, therefore, will dismiss the amended complaint.

Ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires." Foman v. Davis, 371 U.S. 178,

6

182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  But where the plaintiff had already amended the complaint and yet failed to allege sufficient facts, a court may conclude that it is proper to deny leave to replead.  See Salinger v. Projectavision, Inc., 972 F.Supp. 222, 236 (S.D.N.Y. 1997) (citing Olkey v. Hyperion 1999 Term Trust, Inc., 98 F.3d 2 (2d Cir. 1996)).  Since Plaintiff's original and amended complaints indicate that Plaintiff's allegations do not amount to a cognizable claim, and Plaintiff is unlikely to cure the deficiencies of his claims if he is allowed to amend his pleading again, the Court finds leave to replead futile and will dismiss the amended complaint with prejudice.

    The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:    March 18, 2009